**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
PAUL W. GRIMM
CHIEF UNITED STATES MAGISTRATE JUDGE

101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-4560
(410) 962-3630 FAX

March 9, 2010

Paul R. Schlitz, Jr., Esq.
Jenkins, Block & Assocs.
1040 Park Avenue
Baltimore, MD 21201

Allen F. Loucks, AUSA
36 South Charles Street
4th Floor
Baltimore, MD 21201

**Re: Ronald Abbott v. Michael J. Astrue, Commissioner of Social Security, PWG-08-1813**

Dear Counsel:

Pending before this Court, by the parties' consent, are Cross-Motions for Summary Judgment concerning the Commissioner's decision denying Mr. Abbott's claim for Disability Insurance Benefits ("DIB").(Paper Nos. 8,16,27). This Court must uphold the Commissioner's decision if it is supported by substantial evidence and if proper legal standards were employed. 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). A hearing is unnecessary. Local Rule 105.6. For the reasons that follow, this Court DENIES the Commissioner's Motion and GRANTS the Plaintiff's Alternative Motion for Remand.

Mr. Abbott ("Claimant") applied for DIB on April 19, 2004, alleging that he was disabled as of January 2, 2002, due to prostate cancer, hearing loss, post traumatic stress disorder ("PTSD"), depression, carpal tunnel syndrome, degenerative joint disease, and high blood pressure. (Tr. 17, 62, 78, 93). His claim was denied initially, and upon reconsideration. (Tr. 32-42). At his request a hearing was held before an Administrative Law Judge("ALJ"), the Honorable Judith A. Showalter, on April 10, 2006. (Tr. 503-544). After the hearing, the ALJ denied Mr. Abbott's claim and concluded in decision dated September 16, 2006, that his degenerative disc disease, carpal tunnel syndrome, hearing loss, and his PTSD were severe medically determinable impairments, but they did not meet or

medically equal any of the listed impairments ("The Listings") contained in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 17). The ALJ then determined that Mr. Abbott retained the residual functional capacity ("RFC")[1] to perform a range of "medium" work but was incapable of performing any of his past relevant work("PRW"). (Tr. 19).  According to the ALJ, at the time of his onset date Mr. Abbott was "closely approaching advanced age"– i.e., an individual between the ages of 50 and 54, and used Vocational Rule 203.23 in Appendix II, Subpart P of Regulations 4 ("GRID RULES") as a guide.[2]  Based upon the above information, and the testimony from a vocational expert ("VE"), the ALJ found there were jobs in the national and local economies, existing in substantial numbers, which Claimant could perform.  Accordingly, the ALJ found that Mr. Abbott was not disabled. (Tr. 15-24).

On May 13, 2008, the Appeals Council denied Mr. Abbott's request for review, making his case ready for judicial review.  (Tr. 5-9). Claimant alleges that the ALJ made several errors.  As explained below, I conclude that the ALJ's decision is not supported by

---

[1] In her written decision the ALJ found Mr. Abbott's capacity for medium work was diminished by the following: "nonexterionally, due to his mental disorder he can perform simple/unskilled low stress work that does not have a production pace and does not entail more than limited contact with co-workers and supervisors, or more than occasional changes in a work setting, and because of his hearing impairment he is limited to jobs that do not expose him to concentrated noise." (Tr. 18-19).

[2] Notably at the time the ALJ's opinion was issued Mr. Abbott was 59 years old. Under 20 C.F.R. §404.1563, the SSA uses a claimant'schronological age, in combination with the claimant's RFC, education level, and work experience to determine disability. Increasing age is considered a limiting factor.  20 C.F.R. §404.1563(a) When considering age as a factor, the SSA uses age categories.  *Id*.  The relevant categories in this case are:
> (d) *Person closely approaching advanced age.*  If you are closely approaching advanced age (age 50-54), we will consider that your age along with a severe impairment(s) and limited work experience may seriously affect your ability to adjust to other work; and
> (e) *Person of advanced age*. We consider that at advanced age (age 55 or older) age significantly affects a person's ability to adjust to other work. We have special rules for person of advanced age and for person in this category who are closely approaching retirement age (age 60-64). See §404.1568(d)(4).

2

substantial evidence and therefore will DENY the Commissioner's Motion and will REMAND the Plaintiff's case for further proceedings consistent with this memorandum.

Claimant argues, *inter alia,* that the ALJ failed to adequately consider the reports of the state agency medical reviewers in determining Mr. Abbott's RFC and failed to explain how she considered the VE testimony that was favorable to Claimant. The Commissioner responds that the ALJ properly found that Mr. Abbott could perform a range of medium work and adequately considered all the relevant medical opinions in forming her RFC and in presenting hypotheticals to the VE.

After review of the entire record, I find that the ALJ failed to apply the appropriate standard concerning medical opinions when assessing the severity of Mr. Abbott's mental impairments and in determining Mr. Abbott's RFC. There also is relevant evidence in the administrative record which the ALJ failed to adequately discuss.

The primary problems in this case are the ALJ's failure to discuss the basis for her findings that conflicted with the state agency physicians' reports and her failure to address the VE testimony given in response to the hypotheticals that included various "moderate mental limitations" reported by the state agency physicians. (Tr. 542-543).

ALJ Showalter documented her specific findings as to the degree of limitation in each of the four areas of functioning described in paragraph (c) of §§404. 1520a, 416.920a.(Tr. 18-19). At steps two and three, in determining the severity of Mr. Abbott's mental impairment, the ALJ found that he had the following limitations:

"**mild**" limitations in activities of daily living;
"**mild**" limitations in social functioning;
"**moderate**" limitations in concentration persistence or pace; and experienced
"no" episodes of decompensation.(Tr. 18).

The ALJ's RFC finding at step four was:

> "Claimant has the residual functional capacity to perform medium work, i.e., he can sit for prolonged periods stand and walk for up to six hours overall in an eight-hour day, and lift weights of up to 25 pounds frequently and 50 pounds occasionally. Non-exertionally due to his mental disorder he can perform simple unskilled low stress work that does not have a production pace and does not entail more than limited contact with co-workers and supervisors, or more

3

>than occasional changes in a work setting, and sitting or standing for 30 minutes continuously for a total of about six hours (each)in an eight-hour workday.  He should avoid concentrated exposure to irritants such as chemicals and dust, and avoid exposure to unprotected heights and dangerous machinery."

(Tr. 18).

In discussing her RFC finding at step four, the ALJ stated she was affording "greater weight" to the Medical Reports completed by Dr. Monica Greene and Shawn Hales, Ph.D.[3]. However previously, at steps two and three, the ALJ found that Claimant had only **"mild"** limitations in "activities of daily living" and "social functioning." (Tr. 18).  This does not square with Dr. Greene's statement that Mr. Abbott had **"moderate"** limitations in his ability **to maintain social functioning, activities of daily living,** and **maintaining concentration, persistence or pace.**  The ALJ's findings also conflict with Dr. Hales' statements that Mr. Abbott had **"moderate"** limitations in his **ability to maintain social functioning** and **maintain concentration, persistence or pace**. (Cf. Tr. 18, Tr. 211, 368)(emphasis added).

The ALJ further failed to discuss what weight, if any, she was affording the VE testimony that was received in response to a hypothetical based on the Mental Residual Functional Capacity Assessment–Exhibit 11-F completed by Shawn Hales, Ph.D..

Dr. Hales reviewed Mr. Abbott's medical records and completed a Psychiatric Review Technique Form "PRTF" and a Mental Residual Functional Capacity Assessment "MRFCA" assessing Mr. Abbott's ability to perform work related activities. (Exhibit 11-F, Tr. 215-218).  Dr. Hales stated that Claimant was "moderately" limited

---

[3] The ALJ's discussion of Dr. Hales' and Dr. Greene's reports was:

>"Social Security Ruling 96-6p requires that the opinions of state agency medical consultants be treated as opinion evidence from nonexamining sources who are highly qualified experts in the disability program.  These medical experts indicated that the claimant had the necessary residual functional capacity to perform medium work 10F-11F,13F-16F). **The undersigned is not bound by the conclusions of these experts, but has considered their opinions and given them greater weight as it is consistent with the objective evidence and the claimant's admitted activities.**"  (Tr. 21-22)(emphasis added).

4

in his abilities to:

> 1) maintain attention and concentration for extended periods;
> 2) perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances;
> 3) work in coordination with or in proximity to others without being distracted by them;
> 4) complete a normal work-day without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods;
> 5) accept instructions and respond appropriately to criticism from supervisors;
> 6) get along with co workers or peers without distracting them or exhibiting behavioral extremes;
> 7) maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness.

(Tr. 215-216).

The ALJ noted Dr. Hales' report in her decision, and although she stated that she assigned it "greater weight", she failed to adequately discuss how she considered it in determining Claimant's RFC. See FN.3, *supra*. In finding that Claimant could perform a range of "medium work," and determining that work was available to Claimant in substantial numbers, the ALJ failed to explain how she considered the testimony of the VE based on the above listed findings of Dr. Shawn Hales.

This is improper in light of SSR 96-8p which states, in relevant part: "**[T]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted**." 1996 WL 374184 (S.S.A.)(emphasis added). This error is not inconsequential. According to Social Security Ruling ("SSR") 96-8p, the mental activities required by competitive, remunerative, unskilled work include:

> Understanding, remembering and carrying out simple instructions.
> Making judgments that are commensurate with the functions of unskilled work-i.e., simple work related decisions.
> **Responding appropriately to supervision co workers and usual work situations dealing with changes in the work setting.**

(SSR 96-8p 1996 WL 374184 at *6)(Emphasis added).

The Commissioner argues that the ALJ's hypothetical was

consistent with the state agency physicians' opinions, and that it was counsel's inclusion of a "noise and distraction free environment" which resulted in the elimination of the jobs previously identified by the VE. However, the ALJ's decision does not make any reference to the VE's testimony that was favorable to Mr. Abbott. The hypothetical was based on evidence that the ALJ purportedly gave "greater weight" to, but there was no discussion in the ALJ's decision whether, or on what basis, this portion of the VE testimony was discredited, and therefore the Court can not conduct an informed review. *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001)(ALJ must explain reasoning for rejecting VE testimony that was favorable to Claimant).

In sum, Dr. Hales' and Dr. Greene's reports conflict with the ALJ's findings and they state limitations greater than those found by the ALJ. The doctors' opinions that Claimant was "moderately" limited in at least eight areas were reflected in a hypothetical presented to the VE by Claimant's counsel. In response, the VE testified that work was not available to such a person. The ALJ failed to adequately discuss how these particular findings were weighed or considered in making her ultimate RFC determination, and more importantly the ALJ never stated whether-- or on what basis --she was rejecting the VE's testimony that such a hypothetical person could not perform the medium jobs the VE previously identified. (Tr. 542-543). The opinion of a VE "must be in response to proper hypothetical questions which fairly set out all of claimant's impairments." *Walker v. Bowen,* 889 F.2d 47, 50 (4th Cir. 1989) (citing *Stephens v. Sec'y of Health, Educ. and Welfare*, 603 F.2d 36 (8th Cir. 1979)). Additionally,"[i]n order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record." Id. (citing *Chester v. Mathews*, 403 F. Supp. 110 (D. Md. 1975)).

For the above reasons, the Commissioner's decision is reversed and the case is remanded for further proceedings in accordance with the foregoing Memorandum. A separate Order shall issue.

DATE:   3/9/10                    /s/
                                  Paul W. Grimm
                                  United States Magistrate Judge